**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANNA M. LADOUCEUR,**

                                **Plaintiff,**

    vs.                                                      **7:15-CV-00159
(MAD/TWD)**

**CAROLYN W. COLVIN, Commissioner of
Social Security,**

                                **Defendant.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**CONBOY, McKAY LAW FIRM**           **LAWRENCE D. HASSELER, ESQ.**
Carthage Office
307 State Street
Carthage, New York 13619
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **EMILY M. FISHMAN, ESQ.**
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff Anna Marie Ladouceur ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for disability insurance benefits ("DIB") under the Social Security Act. Plaintiff moves to vacate the Commissioner's decision and to grant judgment in Plaintiff's favor with a determination that she is disabled, or alternatively to remand this matter for further administrative proceedings, and the Commissioner cross-moves for judgment on the pleadings. *See* Dkt. Nos. 10, 11. This matter was referred to United States

Magistrate Judge Thérèse Wiley Dancks for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

Plaintiff protectively filed her application for DIB on February 29, 2012. *See* Dkt. No. 9, Administrative Transcript ("T"), at 157. On May 1, 2012, Plaintiff's application was initially denied, and, upon Plaintiff's request, a hearing was held on May 15, 2013. *See id.* at 24, 58, 68. On August 20, 2013, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. *See id.* at 11-19. Plaintiff timely filed a request for a review of the ALJ's unfavorable hearing decision. *See id.* at 7. The Appeals Council denied Plaintiff's request for review on January 13, 2015, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 1. On February 11, 2015, Plaintiff commenced this action seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1.

In her February 22, 2016 Report and Recommendation, Magistrate Judge Dancks found that the ALJ properly determined Plaintiff's residual functional capacity ("RFC"). *See* Dkt. No. 12 at 11-20. Specifically, the ALJ correctly considered and discussed the totality of the medical evidence concerning Plaintiff's physical and mental functioning. *See id.* at 4. The ALJ also properly addressed Plaintiff's testimony that she has concentration problems, difficulty with frustration, and suffers from headaches three to five times per week by concluding that her subjective testimony was unsupported by the treatment notes in the record and Plaintiff's own statements regarding her daily activities. *See id.* at 14-15. In addressing the credibility of a claimant's subjective statements about his or her own functioning, the ALJ must consider that testimony in light of the following factors: (1) Plaintiff's daily activities, (2) the location, duration, frequency, and intensity of Plaintiff's symptoms, (3) the precipitating and aggravating factors, (4)

2

the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms, (5) the other treatments received to relieve symptoms, (6) any measures taken by Plaintiff to relieve symptoms, and (7) any other factors concerning Plaintiff's functional limitations and restrictions due to symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii). Magistrate Judge Dancks found that the ALJ properly considered these factors in deciding not to credit Plaintiff's testimony concerning her subjective mental ailments. *See* Dkt. No. 12 at 17-19.

Magistrate Judge Dancks further found that the ALJ correctly determined that Plaintiff was capable of performing her past relevant work as a substance abuse counselor. *See id.* at 20-22. The ALJ was required to determine whether Plaintiff had the RFC to perform either her past relevant work as actually performed or her past relevant work as generally performed in the national economy. *See Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). Magistrate Judge Dancks concluded that the ALJ properly relied upon the testimony and report of the vocational expert who stated that Plaintiff could perform her past relevant work both as actually performed and as it is generally performed in the national economy. *See* Dkt. No. 12 at 21.

Lastly, Magistrate Judge Dancks found that the ALJ properly declined to consider Plaintiff's age in step four of the disability analysis. *See id.* at 22-23. Vocational factors of age, education, and work experience should not be considered at step four of the disability analysis when the claimant is found to be capable of performing his or her past relevant work. *See* 20 C.F.R. § 404.1560(b)(3). Neither party objected to Magistrate Judge Dancks' Report and Recommendation.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the

administrative transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). Failure to timely object to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed Magistrate Judge Dancks' Report and Recommendation, the parties' submission, and the applicable law, the Court concludes that Magistrate Judge Dancks correctly concluded that the ALJ properly determined Plaintiff's RFC and her ability to engage in past relevant work, and was correct in not considering Plaintiff's age in step four of the disability analysis. As such, the Court finds that Magistrate Judge Dancks correctly recommended that the decision of the Commissioner should be affirmed, that Defendants motion for judgment on the pleadings be granted, and that Plaintiff's complaint be dismissed.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' February 22, 2016 Report and Recommendation (Dkt. No. 12) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the local rules.

**IT IS SO ORDERED.**

Dated: March 25, 2016
       Albany, New York

Mae A. D'Agostino
U.S. District Judge